**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS E. REED, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:25 CV 2103 |
| | : | |
| v. | : | |
| | : | 3 |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | DECEMBER 17, 2025 |

**COMPLAINT**

1.  Plaintiff, Thomas E. Reed, brings this action against defendant, Hartford Life and Accident Insurance Company ("The Hartford," "Hartford," or the "Company"), for violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, *et seq.* ("ERISA"). Mr. Reed is a participant in an ERISA welfare benefit plan (the "LTD Plan" or the "Plan") which is underwritten and insured by The Hartford.

2.  This Complaint alleges the following violations of ERISA: (1) The Hartford''s unlawful termination of Mr. Reed's LTD benefits; and (2) The Hartford's unjustified disregard for the following, in an attempt to deprive him of the LTD benefits he is due: (a) Mr. Reed's medical treatment providers' opinions and findings; (b) the consistent and credible descriptions given by Mr. Reed of his disabling symptoms and the reasons he satisfies all LTD benefit criteria; (c) the findings of the Social Security Administration in December 2023, and at all times since, that he has been unable to work under criteria identical to, or more difficult to meet than, The Hartford's LTD Plan criteria; (d) additional evidence of Mr. Reed's benefit eligibility and Hartford's arbitrary and capricious decision making, discussed throughout this Complaint; and (e) the established

record of flawed opinions, in other ERISA matters, of its paid non-examining physician consultant.

3.  Mr. Reed is filing this action to recover LTD benefits under the LTD Plan, to enforce present rights existing therein, to clarify rights under the terms of the LTD Plan, and to recover costs and attorney's fees as provided by ERISA.

**Jurisdiction, Venue, and Service of Process.**

4.  This Court has personal and subject matter jurisdiction over this case pursuant to ERISA §502(e)(2) and (f), 29 U.S.C. §1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the LTD Plan is administered in this district.

5.  Venue in this Court is proper under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), in that the defendant may be found in this district and the breach took place in this district.

6.  Service of process is authorized in any district where the defendant resides or may be found.  ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

**The Parties.**

7.  Mr. Reed is 63 years old (turning 64 on May 21, 2025) and resides in Milford, Connecticut. He is a participant in a Hartford employee benefit plan, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7), and has standing to bring this action under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

8.  Defendant The Hartford is a for-profit corporation with its principal place of business at 1 Hartford Plaza, Hartford, Connecticut 06155. The Hartford transacts business in Connecticut.

9.  At all times relevant to the claims asserted in this Complaint, The Hartford purported to act as an ERISA claims fiduciary with respect to participants of the LTD Plan, and specifically, with respect to Mr. Reed, within the meaning of ERISA.

**Statement of Facts.**

10.  Mr. Reed suffers from a combination of disabling conditions including but not limited to multiple myeloma (a type of blood cancer), atrial fibrillation, hypertension, high cholesterol, and sleep deprivation and resulting constant exhaustion.

11.  Mr. Reed's combination of symptoms, and required nine prescription medications and their side effects, all stem from his medical conditions listed immediately above.

12.  Because of his illnesses, fatigue, medicinal side effects, and other symptoms, in date Mr. Reed left his graphic design position at ESPN (a division of the Walt Disney Company), where he had worked for 26 years, in May 2023 and applied for benefits under the LTD Plan at some point around his departure from ESPN.

13.  The Hartford approved Mr. Reed's LTD benefit application and began paying him LTD benefits under the Plan in approximately August 2023.

14.  The LTD Plan criterion under which The Hartford initially paid Mr. Reed, starting in approximately August 2023, was that The Hartford would deem him disabled if it determined that he was "prevented from performing one or more of the Essential Duties of Your Occupation" during the Elimination Period and for 24 months following the Elimination Period. After 24 months, the LTD standard The Hartford applied was based on its determination whether he was unable to perform "Any Occupation."

15.  In December 2023, the Social Security Administration ("SSA") awarded Mr. Reed Social Security Disability Income ("SSDI") benefits, finding that he could not perform any gainful activity.  As of the filing of this Complaint, Mr. Reed still receives monthly SSDI benefits.

16.  At some point on or after May 2, 2025, Mr. Reed received a May 2, 2025 letter from The Hartford through which the Company terminated his LTD benefits. The Hartford stated Mr. Reed had not established that he satisfied the "Any Occupation" disability criterion set forth in paragraph 14, above.

17. On October 17, 2025, Mr. Reed appealed The Hartford's May 2, 2025 LTD termination.

18. In his October 17, 2025 LTD appeal, Mr. Reed provided evidence and arguments supporting his ongoing eligibility for LTD benefits under the Any Occupation standard.

19. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included a January 2025 report from his oncologist that his "projected return to work date" was "unknown."

20. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included a July 2025 primary care physician statement that because of Mr. Reed's "life-threatening medical condition and ongoing treatment it is not possible for the patient to work at this time."

21. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included his oncologist's September 2025 statement that Mr. Reed has "ongoing persistent fatigue [which] interferes with his daily functional status."

22. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included a September 2025 statement from his cardiologist that, separate from Mr. Reed's cancer and cancer treatment, his "cardiac issues [...] can certainly cause shortness of breath and fatigue resulting in disability."

23. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included a reiteration of pre-appeal statements to The Hartford in which he described his inability to work, caused primarily by his cancer and cancer treatment related fatigue.

4

24. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included a September 24, 2025 signed Declaration in which he described his inability to work, caused primarily by his cancer's effect on his body and his cancer treatment related fatigue, along with an addendum listing his medications and their side-effects, which included the side-effect of fatigue (which The Hartford acknowledged in its pre-appeal claim file was an effect associated with the same medications to which Mr. Reed ascribed fatigue).

25. The evidence Mr. Reed supplied with his October 17, 2025 LTD appeal included numerous symptom descriptions by members of an online multiple myeloma support group which are identical to the disabling symptoms Mr. Reed described to The Hartford before and within his appeal.

26. As argument within his October 1, 2024 LTD appeal, Mr. Reed cited District Court rulings in which Courts discuss the severe and incurable nature of multiple myeloma, and one ruling, *Hardy v. Unum Life Insurance Co. of Am.* (2024 WL 4043540 at *1–2 (D. Minn. Sept. 4, 2024)), in which the Court ordered the LTD insurer to reinstate benefits even while the claimant was still reporting to work and trying to do his work with his disabling multiple myeloma -related symptoms (which included, like Mr. Reed's, sleep difficulties and fatigue).

27. On November 17, 2025, before The Hartford made its final decision concerning Mr. Reed's October 17, 2025 appeal, it sent him a letter in which it stated that its "independent medical review[er]" Lee Hartner, MD, concluded that Mr. Reed was capable of performing jobs other than his regular occupation.

28. On November 26, 2025, in response to The Hartford's November 17, 2025 letter, Mr. Reed wrote to The Hartford and stated that he disagreed with the reasons upon which the Company and Hartner concluded that Mr. Reed was capable of working. He wrote that the occupational abilities the Company believes he is able to perform on a daily basis in a sustained

work setting are not consistent with his reported symptoms and abilities and his doctors' conclusions, and that, again, he cannot work.

29. Unlike Mr. Reed's oncologist, cardiologist, and primary care physician, who offered at least four opinions supporting disability and LTD payment (four are set forth in paragraphs 19 through 22, above), Dr. Hartner never treated, examined, or spoke with Mr. Reed.

30. In his November 26, 2025 letter to The Hartford, Mr. Reed informed The Hartford that in an online blog an insured claimant who identified herself as Emily Suess, a cancer patient, stated she was unable to work, but was deemed able to work by Lincoln Financial based on that company's reliance on an opinion from Dr. Hartner, who did not examine her. Mr. Reed cited the Suess website's URL.

31. In his November 26, 2025 letter to The Hartford, Mr. Reed informed The Hartford that an online Healthgrades review (possibly from Ms. Suess) discussed Dr. Hartner's employment by an insurance company in an LTD evaluation in which Hartner said the claimant's cancer was in remission when the claimant's physician never stated that the cancer was in remission. Mr. Reed cited the Healthgrade URL.

32. In his November 26, 2025 letter to The Hartford, Mr. Reed informed The Hartford that in the case *Smith v. Babcock & Wilcox Technical Services, LLC* (2016 WL 3355343 at *7 (E.D. Tenn., June 15, 2016)) the Court held that "MetLife's reliance on Dr. Hartner's adverse credibility determination is an indication that MetLife placed 'greater weight' on Dr. Hartner's file-only review than on the opinions of the physicians who examined Mr. Smith," conduct the Court called "a harbinger of arbitrary and capricious conduct."

33. In his November 26, 2025 letter to The Hartford, Mr. Reed informed The Hartford that in the case *Zalkin v. Coventry Healthcare of Nebraska, Inc.* (2010 WL 1052263 (D. Neb., March 19, 2010)), the Court permitted the plaintiff to conduct discovery outside of the administrative

record in an ERISA LTD dispute in which Dr. Hartner was among the defendant's reviewing physicians.

34. On December 1, 2025, Mr. Reed received a letter from The Hartford through which the Company informed him that it had decided to uphold its May 2, 2025 LTD benefit termination decision.

35.  For the reasons set forth in this Complaint, Mr. Reed is due benefits under the LTD Plan's terms and has a right to recover them against The Hartford under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

36.  The Hartford's failure to pay LTD benefits was wrongful, arbitrary, capricious, and otherwise unlawful.


**Count One: Claim for Benefits.**

WHEREFORE, the Plaintiff respectfully asks the Court to order:

1.  Payment of overdue LTD benefits.

2.  Restoration of monthly LTD benefits.

3.  Prejudgment interest.

4.  Costs.

5.  Attorney's fees under ERISA §502(g).

6.  Such other relief as the Court deems just and reasonable.

Dated:  December 17, 2025

THE PLAINTIFF:  Thomas E. Reed

By:  _____/s/  Ian O. Smith_____
Ian O.Smith, ct24135
The Law Office of Ian O. Smith, LLC
P.O. Box 33
Tolland, CT  06084
e:  iansmithlaw@outlook.com
t:  860.539.2156

HIS ATTORNEY